J-A17017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| NANCY T. FARRIS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY S. SENKO | |
| Appellant | No. 1511 EDA 2013 |

Appeal from the Order May 7, 2013
In the Court of Common Pleas of Delaware County
Domestic Relations at No(s): 2007-01362, PACSES No. 955109271

BEFORE:  GANTMAN, P.J., PANELLA, J., and STABILE, J.

MEMORANDUM BY PANELLA, J.                **FILED NOVEMBER 19, 2014**

Appellant, Gregory S. Senko ("Father"), appeals from the support order entered May 7, 2013, by the Honorable John L. Braxton, Court of Common Pleas of Delaware County.  After review, we affirm in part and reverse and remand in part.

The relevant background and procedural history of this case is as follows. Appellee, Nancy T. Farris ("Mother") and Father are the divorced parents of two children. On February 8, 1998, the parties executed a Property Settlement Agreement ("PSA"), which set forth, among other

things, the parties' obligations with respect to their children's support and secondary educational expenses.[1]   The PSA provides, in pertinent part:

### 15. EMANCIPATION OF CHILDREN

For purposes of this Agreement, "Emancipation" as to any child shall be defined as having occurred upon the earliest to happen of any of the following:

a. The child's reaching age eighteen (18) years of age or graduation from high school or college, whichever occurs last;

b. . . .

c. The child's having a permanent residence away from the permanent residence of the custodial parent, provided, however, that a child's residence at boarding school, camp or college is not deemed a residence away from the permanent address of the custodial parent unless the child's permanent residence when not attending boarding school, camp or college is not with the custodial parent;

. . .

### 16. CHILD SUPPORT

. . .

### D. HIGHER EDUCATION – CHILDREN

As a separate provision for support and the children's higher education, Husband and Wife agree that they shall pay for the children's college costs each year for four years, including, but not limited to tuition, room and board, books, lab fees, travel during holiday periods and

_____

[1] Although Pennsylvania law does not oblige parents to pay for their children's college expenses, they may assume the financial responsibility by contract.  ***See Mackay v. Mackay***, 984 A.2d 529, 533 (Pa. Super. 2009).

all other college related fees and expenses, the percentage of such costs to be paid by each party to be calculated based on the respective incomes of Husband and Wife.

PSA, 2/8/1998 at ¶¶ 15, 16.

On October 22, 2008, the trial court entered a child support order. On appeal, a panel of this Court remanded to the trial court to calculate support for both children through emancipation as defined in the agreement and to calculate "as a separate provision of support" expenses for higher education to be paid by each party based on their respective incomes. *Fariss v. Senko*, No. 3385 EDA 2008 (Pa. Super., filed October 19, 2008) (unpublished memorandum).

Following a hearing on remand, the trial court entered a modified support order on May 7, 2013, which calculated the parties' respective contributions towards both child support and educational expenses. Father then filed the instant appeal.

Father raises the following issues for our review.

1. Did the [t]rial [c]ourt abuse its discretion and/or commit error of law by "re-writing" the parties' Property Settlement Agreement requiring Father to pay for five (5) years of college education when the Property Settlement Agreement only required Father to pay for four (4) years of college education?

2. In a case where the parties' Property Settlement Agreement calls for post-secondary support, did the [t]rial [c]ourt err as a matter of law or abuse its discretion in requiring continued child support, where the parties' daughter had concluded four (4) years of college and where the parties' son was not continuing to reside with Mother?

3. Did the [t]rial [c]ourt abuse its discretion in calculating amounts due from one party to the other party related to

relative college expenses based upon incomplete information, as the parties' son youngest child, was still in school and receiving tuition assistance from Father?

Father's Brief at 4.

Our standard when reviewing a support order is as follows.

[T]his Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused.

*Mackay*, 984 A.2d at 533 (citations omitted).

Initially, we note that the lower court incorporated, but did not merge, the PSA into the parties' divorce decree. *See* Decree, 5/4/98. "Where ... a property settlement agreement did not merge into the divorce decree, it stands as a separate contract, is subject to the law governing contracts, and is to be reviewed as any other contract." *Mazurek v. Russell*, 96 A.3d 372, 378 (Pa. Super. 2014) (citation omitted).

Private support agreements are subject to contract principles and are enforceable in an action at law for damages or in equity for specific performance. Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation. Our standard of review over questions of law is de novo and to the extent necessary, the scope of our review is plenary as [the appellate] court may review the entire record in making its decision. This Court must construe the contract only as written and may not modify the plain meaning under the guise of interpretation. When a contract is free from ambiguity, the court must interpret the contract as written.

- 4 -

*Id*. (internal quotes and citations omitted).

Father first argues that the trial court erred when it ordered Father to pay for his daughter's higher education expenses exceeding four years of school. Father additionally argues that the trial court erred in extending his child support obligation indefinitely until Daughter completes her degree, so long as she remains enrolled in college. The trial court indicated in its May 7, 2013, order that the parties' daughter started college at Delaware County Community College ("DCCC") in the fall semester of 2007 and the spring semester of 2008. *See* Order 5/7/13 at ¶ 6. She then transferred to St. John's College where she attended the fall semester of 2008, spring and fall semesters of 2009, and spring semester of 2010. *See id*. at ¶ 7. Daughter returned to DCCC as a part-time (half-course load) student for the fall semester 2010 and spring semester 2011. *See id*. at ¶ 8. The court noted that as of the fall of 2011, Daughter had not completed her degree and must attend a 4-year college to finish her degree work. *See id*. at ¶ 9.

Noting that the parties' financial obligations towards Daughter's higher education expenses cannot be indefinite, the court reasoned that the obligation continued one more year from the fall of 2011. *See id*. at ¶15. The court additionally ordered that "as long as she remains enrolled in college courses and until she graduates (and further provided she is not otherwise emancipated), the [child] support obligation continues." *Id*. at ¶ 15.

Paragraph 16(D) unambiguously provides that "As a separate provision for support and the children's higher education, Husband and Wife agree that they shall pay for the children's college costs each year for *four years*…." (emphasis added). The plain language of paragraph 16(D) makes clear the parties' intent to limit the provision of separate support for the children's higher education to four years. Thus, to the extent that the trial court ordered Father to pay expenses for an additional year of Daughter's college education from the fall semester of 2011, this was in error. The PSA clearly limits the parties' financial obligation to four years of higher education. Accordingly, we remand this issue for the trial court to limit the support for Daughter's higher education expenses to four years in accordance with paragraph 16(D).

We do not, however, find that the trial court was in error when it ordered Father to continue his child support obligation for Daughter until she completed her college degree. Although paragraph 16(D) clearly limits Father's contribution towards the children's secondary educational expenses to four years, section 15 of the PSA states that a child is not emancipated until he or she graduates from high school or college, whichever comes last, provided that the child permanently resides with a custodial parent. As section 15 places no time limit within which a child must obtain a degree for child support purposes, as opposed to educational expenses, we find that the trial court correctly ordered Father to continue pay child support until the time that Daughter completes her college degree.

Father next contends that the trial court erred in awarding Mother support for the parties' son after the commencement of the son's sophomore year in college, when the parties' son allegedly did not reside with Mother. Father claims that Son lived at Cornell University while he attended school, and in the summers resided with friends in New York City or Philadelphia, only coming home for holidays and special events. *See* Father's Brief at 12. Father argues that "[i]t cannot … be said that Father should pay a support obligation to Mother since Mother had no more 'custody' of the parties' adult son than Father did." *Id*. We disagree with Father's interpretation of the PSA.

Paragraph 15 states that the emancipation as to any child shall be upon the occurrence of various factors, including the graduation of college and the "child's having a permanent residence away from the permanent residence of the custodial parent." The agreement explicitly excludes from the definition of "residence" the child's residence while at college. Father does not claim that his son changed his permanent residence while attending college at Cornell University, merely that Son did not live with Mother during this period. As there is no evidence of record that Son changed his permanent residence at any time during college, the trial court correctly ordered Father's support continued until Son graduated college in accordance with the agreement. This claim fails.

Lastly, Father claims that the trial court erred in calculating the parties' respective obligations related to the children's college expenses.

Although Father listed this issue in the Statement of Questions Involved in his appellate brief, he failed to include a section in which he develops this argument with citation to relevant legal authority and corresponding analysis. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *McEwing v. Lititz Mutual Ins. Co.*, 77 A.3d 639, 647 (Pa. Super. 2013) (citation omitted). We therefore find this claim waived.

Order affirmed in part and reversed in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/19/2014